## PAGE *v.* COAKLEY'S EXR.

[Abstract Kentucky Law Reporter, Vol. 7—368.]

**Waiver of Homestead Right.**

> Where a debtor or his wife do not make a claim to property as a homestead they waive such right; and when the right is thus waived the creditors have a right to subject the property to the payment of their claims.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 7, 1885.

OPINION BY JUDGE HOLT:

On December 26, 1871, R. H. Hazel executed to the appellants, Page & Co., a mortgage upon several tracts of land, one of them being the house and lot now in contest. A judgment was rendered for a sale of all of the property, but it had not been enforced as to the house and lot when an order was made on June 15, 1874, striking the action from the docket. It was redocketed upon the motion of the appellants on April 18, 1881, and the judgment ordered to be enforced.

This was irregular as no notice that the motion would be made

had been given; but that is not now in question, and in any event the appellee could not complain of it. Moreover, the action by Hefferman presents the whole question. The lot was sold on June 20, 1881, Page & Co. being the purchaser, and the sale reported to court, but no further action taken as to it, owing doubtless to the fact that on August 22, 1881, M. Hefferman brought an action, which was subsequently consolidated with that of Page & Co., claiming that he had a lien upon the property, that Page & Co. had none, and that their judgment and sale under it were void, and asking that they be set aside and his lien enforced.

The lien of Hefferman was created by the levy of an execution in his favor and against R. H. Hazel, which issued and came to the sheriff's hand on April 6, 1881, and was levied on the house and lot on May 13, 1881. It appears that from the date of the mortgage until April 1, 1881, Hazel and wife, the latter not having united in the mortgage, lived upon the property as a homestead, and would doubtless have been entitled to its exemption as such if they had claimed it. It was never allotted to him as such, however, either by agreement of parties or order of court.

Page & Co. never surrendered or waived their lien; but as Hazel and wife were willing to convey to the purchaser of the other mortgaged property, Page & Co. allowed them to remain in and use the house and lot, but notified Hazel that whenever he ceased to use it as a homestead that they would enforce their lien.

Mrs. Hazel died on April 1, 1881, and when it was sold by the commissioner Hazel had ceased to occupy it. After the sale of all the other mortgage property, there still remained unpaid over $1,000 of the Page & Co. debt. The property never became, either by agreement of parties or the judgment of a court, the homestead in law of Hazel. It may be said that the appellants could not acquire a lien on it by their mortgage and judgment, as it was a homestead, worth less than $1,000 and the wife did not unite in the mortgage, but Hazel and wife never claimed it as a homestead. The debtor or his wife may never claim a homestead right against the mortgage executed by the husband; and if they do not the creditors can certainly subject it.

The lien of the appellants under their mortgage and judgment is valid and superior to that of the appellee; but as the latter's claim was impending over the property when it was sold by the com-

missioner, and probably affected the sale, the court below should not confirm but set it aside, and order a resale with regard to the rights of the parties as herein indicated; and the judgment is reversed for further proceedings in conformity to this opinion.

Judgment *reversed.*

*Owen & Ellis, for appellants.*

*R. W. Slack, for appellee.*